2026 IL App (1st) 231643-U

No. 1-23-1643

Order filed March 31, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 16 CR 10226 |
| LAWRENCE BOYD, | ) ) | Honorable Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's order denying defendant leave to file a successive postconviction petition is affirmed where the court did not improperly rely on a void conviction in aggravation at sentencing.

¶ 2    Defendant Lawrence Boyd, who was convicted of armed robbery and sentenced to 32 years' imprisonment in 2017, appeals from an order of the circuit court denying him leave to file his successive *pro se* postconviction petition for relief from judgment filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). On appeal, defendant contends

that his prior 2006 adjudication for aggravated unlawful use of a weapon (AUUW) is based on a facially unconstitutional statute in violation of the Second Amendment. He asks that we vacate the AUUW adjudication, reverse his 32-year sentence for armed robbery, and remand for a new sentencing hearing because the trial court considered his void *ab initio* 2006 AUUW adjudication in aggravation at sentencing for the 2017 armed robbery conviction. We affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4     Following a 2017 bench trial, defendant was convicted of armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2014)) and sentenced to an aggregate term of 32 years' imprisonment. We affirmed on direct appeal. *People v. Boyd*, 2021 IL App (1st) 182584. Because we described the trial evidence in that order, we summarize it here to the extent necessary to address his present challenge.

¶ 5     The evidence at trial established that on the evening of November 23, 2015, defendant choked Marlante Jackson, and struck him repeatedly in his eyes, face, and head with a firearm. Meanwhile, another man who was with defendant took Jackson's house keys, phone, wallet, identification, and money. Jackson was hospitalized for three days with facial fractures near his eyes. He sustained permanent scarring on the inside edge of his left eyebrow and the arch of his right eyebrow, and persistent numbness in his head.

¶ 6     The trial court found defendant guilty of two counts of armed robbery and four counts of aggravated battery. The court merged the counts into one count of armed robbery and sentenced him to an aggregate term of 32 years' imprisonment: 17 years in prison for the armed robbery and

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

an additional mandatory 15 years for possessing a firearm during the offense (720 ILCS 5/18-2(b) (West 2014)).

¶ 7    Relevant here, at sentencing the trial court recounted defendant's criminal history set forth in his presentence investigation report (PSI). The PSI reflects that defendant's criminal history began with a 2006 juvenile adjudication in case No. 06 JD 40098 for AUUW for carrying a Lorcin .25 caliber pistol at a time when he was not on his own land, or in his own abode, or a fixed place of business, while lacking a valid Firearm Owner's Identification (FOID) Card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2006)). He was sentenced to one year of probation.

¶ 8    As an adult, defendant was convicted of AUUW and defacing a firearm in case No. 06 C 44142601 and sentenced to 24 months' probation. In case No. 07 124493401, he was convicted of battery and obstructing an officer and was sentenced to six months' conditional discharge and 20 days in the Cook County Department of Corrections. In case No. 08 400004101, he was convicted of battery and sentenced to serve 60 days in the Cook County Department of Corrections. In case No. 12 CR 2076401, he was convicted of unlawful use of a weapon by a felon (UUWF) and sentenced to three years' incarceration in the Illinois Department of Corrections.

¶ 9    In announcing sentence, the trial court noted defendant had "several gun violations or convictions *** and a couple of batteries" which "show[ed] violence." Based upon all the evidence presented and due to defendant's "prior history of delinquency or criminal activity," the court sentenced him to 17 years plus a 15-year firearm enhancement, for a total of 32 years' imprisonment on AUUW (count I).

¶ 10    We affirmed on direct appeal over defendant's contentions that the State failed to prove him guilty beyond a reasonable doubt, he received ineffective assistance of counsel, and his cumulative 32-year sentence was excessive. *Boyd*, 2021 IL App (1st) 182584, ¶¶ 4-5.

¶ 11    In October 2019, while his direct appeal was pending, defendant filed his initial *pro se* postconviction petition under the Act, alleging, *inter alia*, that: (1) investigative alerts are unconstitutional and that his arrest was illegal under *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part and vacated in part*, 2021 IL 125434, and *Terry v. Ohio*, 392 U.S. 1 (1968); (2) the facts were insufficient to support a finding of probable cause for his arrest; and (3) he received ineffective assistance of counsel. The circuit court summarily dismissed the petition and denied his subsequent *pro se* motion to reconsider. Defendant appealed, and this court affirmed via summary order after granting appellate counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). See *People v. Boyd*, No. 1-21-1125 (July 14, 2022).

¶ 12    On June 15, 2022, defendant filed a *pro se* section 2-1401 petition for relief from judgment. Defendant alleged that his AUUW conviction in 06 C 44142601 relied upon a facially unconstitutional statute (720 ILCS 5/24-1.6(a)(1) (West 2006)) under *People v. Aguilar*, 2013 IL 112116, and that the trial court erred in relying upon that AUUW conviction when imposing his 15-year sentencing enhancement for the armed robbery in this case.

¶ 13    On August 12, 2022, the circuit court denied the petition, stating, *inter alia*, that the AUUW conviction was not void, and that even if it was void, the removal of one conviction from defendant's background would be inconsequential. Defendant appealed in case No. 1-22-1420.

¶ 14    On the parties' agreed motion for summary disposition, this court vacated defendant's convictions for AUUW (count II) in case No. 06 C 44142601 as void under *Aguilar* and for UUWF

in case No. 12 CR 2076401 because it was predicated on the void AUUW conviction in case No. 06 C 44142601. *People v. Boyd*, No. 1-22-1420 (Mar. 14, 2023) (disposition order). In the order, we noted that defendant's conviction for count I in case No. 06 C 44142601, for defacing identification marks of firearms, remained valid.

¶ 15     On May 19, 2023, defendant filed the *pro se* motion for leave to file a successive postconviction petition now at issue. Defendant attached his petition and this court's March 14, 2023, summary disposition of appeal No. 1-22-1420 to his motion. Defendant sought to vacate the judgment or to reduce his sentence for armed robbery, alleging, *inter alia*, that he received ineffective assistance of counsel, his sentence was excessive, and the trial court erred by considering three void prior convictions in sentencing: (1) his juvenile adjudication in case No. 06 JD 40098 for AUUW, (2) his conviction in case No. 06 C 44142601 for "unlawful use of a weapon/defacing firearm," and (3) his vacated conviction for UUWF in case No. 12 CR 2076401.

¶ 16     Defendant stated that these three offenses were declared unconstitutional and that "720 ILCS 5/24-1.6(A)(1) violates the Second Amendment" under *Aguilar*.[2] Defendant sought vacatur "of his conviction[s] for AUUW – 06-C-44142601, UUW – 12-CR-2076401, UUW – 06-JD-[4]0098, which [were] subsequently declared unconstitutional," asserting that the court had a duty to vacate his void convictions under *In re N.G.*, 2018 IL 121939. He also alleged that his conviction and enhanced sentence for armed robbery was void for relying on these prior convictions.

---

[2]We recognize that defendant's assertion is either incomplete or ill-informed. Section 24-1.6 of the Criminal Code addresses AUUW. 720 ILCS 5/24-1.6 *et seq*. (West 2024). The statute is conjunctive in that subsections (a)(1) and (a)(2) each provide a type of conduct prohibited when one of the factors in the subsections of (a)(3) is present. Offenses are thus comprised of *both* the prohibited conduct in subsection (a)(1) or (a)(2) and the relevant factor(s) in subsection (a)(3). In *People v. Aguilar*, 2013 IL 112116, ¶ 21, the Illinois Supreme Court determined that the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) of the AUUW statute violated the Second Amendment. *Aguilar* did not determine that all of subsection (a)(1) is unconstitutional.

¶ 17   Defendant maintained that he had cause to file the petition because neither he nor his ineffective counsel were previously aware of the void nature of his offenses, and that he suffered prejudice because the trial court relied upon these void offenses in imposing sentence for armed robbery.

¶ 18   On August 4, 2023, the circuit court denied defendant leave to file his successive petition. In a written order, the court explained that defendant failed to show cause where he did not provide any objective factor that prevented him from raising his claim in earlier proceedings, and where his constitutional claim under *Aguilar* and *In re N.G.* was "readily available to [him] when he filed his initial petition" in October 2019. The court also found that defendant did not satisfy the prejudice prong where he failed to show a reasonable probability of a different outcome had the trial court not considered his contested convictions in aggravation at sentencing, and where the armed robbery statute (720 ILCS 5/18-2(b) (West 2014)) mandated his sentence enhancement for the 2017 offense of armed robbery with a firearm.

¶ 19   The court noted that defendant "still has two gun violations in his background as well as the 'couple of batteries' the sentencing court noted were misdemeanors but 'show[ed] violence.' " The court added that many additional aggravating factors remained, enumerating defendant's threats to kill the victim, the great bodily harm inflicted on the victim, defendant's lack of remorse, and defendant's post-hearing threats to the victim, made "while in court of law" and in front of a deputy sheriff. The court determined that "[t]he removal of these convictions from consideration at sentencing, which would leave the couple of batteries and a defaced firearm conviction, does not indicate a different outcome would result from the sentencing court's consideration of this evidence as aggravation."

¶ 20                                         II. ANALYSIS

¶ 21     On appeal, defendant contends that his adjudication in case No. 06 JD 40098 stems from an unconstitutional statute in violation of the Second Amendment under *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022), and that the trial court considered that unconstitutional adjudication in sentencing him for armed robbery. He asks this court to vacate his 2006 adjudication, reverse his sentence for armed robbery in the present case, and remand for resentencing because the court relied upon the 2006 adjudication when imposing the 32-year sentence for armed robbery. Alternatively, defendant argues that this court should "grant" him leave to file his successive post-conviction petition, raising these claims.

¶ 22     The State responds, *inter alia*, that defendant's *Bruen* argument on appeal differs from his *Aguilar* claim set forth in his *pro se* petition and has been forfeited. The State is correct that defendant raises his *Bruen* claim for the first time on appeal.

¶ 23     Generally, a claim not raised in a postconviction petition cannot be raised for the first time on appeal. *People v. Buford*, 2023 IL App (1st) 201176, ¶ 33. However, an argument that an order or judgment is based upon a facially unconstitutional statute that is void *ab initio* is exempt from forfeiture and can be raised at any time. *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 48. It is sufficient for a person subject to a conviction premised on a facially invalid statute to raise his or her challenge in a court possessing jurisdiction over the parties and the case. *In re N.G.*, 2018 IL 121939, ¶ 57. The court "has an independent duty to vacate the void judgment and may do so *sua sponte*" when presented with a constitutional infirmity during a pending proceeding. *Id.* Because this court has jurisdiction over the parties and the case due to the timeliness of defendant's appeal

from the denial of his motion for leave to file a successive postconviction petition, we consider his facial *Bruen* challenge.

¶ 24 Defendant challenges the constitutionality of his AUUW adjudication in case No. 06 JD 40098, for carrying a firearm when he was not on his own land, or in his own abode, or a fixed place of business, without a valid FOID Card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2006)).

¶ 25 Litigants raising constitutional challenges "carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." *People v. Rizzo*, 2016 IL 118599, ¶ 23. Accordingly, they must clearly establish that the statute violates the Constitution. *Id.* Courts have a duty to uphold the constitutionality of a statute whenever reasonably possible, resolving any doubts in favor of validity. *Id.* For his facial challenge to succeed, defendant must show that "there are no circumstances in which the statute could be validly applied." *Hatcher*, 2024 IL App (1st) 220455, ¶ 49. If there exists a situation in which the statute could be validly applied, his facial challenge must fail. *Rizzo*, 2016 IL 118599, ¶ 24. Whether a statute is constitutional is a question of law we review *de novo*. *People v. Daniels*, 2025 IL App (1st) 230823, ¶ 27.

¶ 26 Law-abiding, responsible citizens bear the right "to use arms in defense of hearth and home" under the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); see also *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010). In *Bruen*, the Supreme Court set forth a two-part inquiry for evaluating the constitutionality of firearms regulations. *Bruen*, 597 U.S. at 17, 24-25. The inquiry first considers whether the plain text of the Second Amendment covers the conduct at issue. *Id.* at 17. If so, we proceed to the second inquiry, wherein the government bears the burden of justifying the regulation of that conduct by demonstrating "that

the regulation is consistent with the Nation's historical tradition of firearm regulation." *Id.*; *Hatcher*, 2024 IL App (1st) 220455, ¶ 52.

¶ 27 In *People v. Thompson*, 2025 IL 129965, the Illinois Supreme Court found the requirements of the FOID Card Act (430 ILCS 65/4 (West 2022)) constitutional under *Bruen*, noting that *Bruen*'s "express endorsement of shall-issue licensure," such as the FOID Card Act, "obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis" to facial challenges to enforcement of FOID card licensure. *Id.* ¶¶ 42, 44, 45.

¶ 28 Moreover, since *Bruen*, this court has addressed many constitutional challenges to subsection 24-1.6(a)(1), (a)(3)(C) of the AUUW statute, the subsection under which defendant was convicted in case No. 06 JD 40098. We have consistently found that the statute is not facially unconstitutional. *Daniels*, 2025 IL App (1st) 230823, ¶¶ 30-31 (facial challenge to subsections 24-1.6(a)(1), (a)(3)(C) of the AUUW statute is meritless); *Hatcher*, 2024 IL App (1st) 220455, ¶ 57 (subsection 24-1.6(a)(1), (a)(3)(C) of the AUUW statute is not facially unconstitutional); *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 19 (FOID Card Act complies with federal law; facial challenge to AUUW statute fails). We see no reason to revisit our prior holdings on a facial challenge. Accordingly, defendant's argument that his adjudication in case No. 06 JD 40098 derives from a void *ab initio* statute fails.

¶ 29 Because defendant's adjudication in case No. 06 JD 40098 was not void *ab initio*, the trial court could properly rely on it at sentencing in the present case, and there is no basis to reverse and remand for resentencing.

¶ 30 We need not belabor defendant's alternative argument asserting that, if this court believes further factual development would aid in resolution of the issue on appeal, we should grant him

leave to file his successive postconviction petition and remand for second stage postconviction proceedings. There is no basis for such relief. The Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) allows prisoners to collaterally attack a prior conviction and sentence where there was a substantial violation of their state or federal constitutional rights. *People v. Lusby*, 2020 IL 124046, ¶ 27. Here, defendant's briefs on appeal focus solely upon the constitutionality of his juvenile AUUW adjudication in case No. 06 JD 40098 under *Bruen*. As noted, this issue is raised for the first time on appeal. Although defendant raised multiple other voidness claims in the petition, he has abandoned them by failing to raise them on appeal. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Given that the AUUW adjudication in case No. 06 JD 40098 is not unconstitutional, no further proceedings regarding whether the trial court improperly relied on the adjudication at sentencing in this case are warranted.

¶ 31                                    III. CONCLUSION

¶ 32    In conclusion, we affirm the circuit court's order denying defendant leave to file a successive postconviction petition under the Act.

¶ 33    Affirmed.